```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA


BARBARA J. VALDEZ,                 )    No. CV 09-8440-RC
                                   )
          Plaintiff,               )
                                   )    OPINION AND ORDER
     v.                            )
                                   )
Commissioner of Social Security,   )
                                   )
          Defendant.               )
_____)
```

Effective November 17, 2009, plaintiff Barbara J. Valdez, proceeding pro se, filed a complaint seeking review of the Social Security Administration's decision denying disability benefits to her. On November 23, 2009, this Court ordered plaintiff to file a motion for summary judgment within thirty (30) days after defendant filed an answer to the complaint and lodged the certified administrative record. Defendant filed his answer and lodged the certified administrative record on June 1, 2010. Yet, plaintiff has not filed a motion for summary judgment.

On July 20, 2010, this Court ordered plaintiff to show cause within ten days why this action should not be dismissed for her

failure to diligently prosecute by failing to file a motion for summary judgment. The plaintiff did not respond to the Order to Show Cause and it has not been discharged.

**DISCUSSION**

This action should be dismissed for plaintiff's failure to diligently prosecute and under Fed. R. Civ. P. 41(b) due to plaintiff's failure to comply with a court order. This Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissal of actions for failure to diligently prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Hernandez v. City of El Monte, 138 F.3d 393, 400 (9th Cir. 1998); In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Failure to timely file a motion for summary judgment demonstrates the plaintiff's failure to diligently prosecute this action.

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)), cert. denied, 506 U.S. 915 (1992). In *Ferdik*, the Ninth Circuit upheld the district court's dismissal with prejudice of a pro se litigant's complaint for failure to comply with a court order requiring adherence to Fed. R. Civ. P. 10(a), which prohibits the use of "et al." in the caption of a complaint. The magistrate judge struck the plaintiff's second amended complaint for failure to list the full names of the defendants in the caption and ordered the

plaintiff to refile a conforming second amended complaint within thirty days, advising the plaintiff that if he did not, the clerk would enter a dismissal without further notice. After the plaintiff failed to refile his second amended complaint, the court entered judgment dismissing the case. Ferdik, 963 F.2d 1260. The Ninth Circuit affirmed the judgment, holding that the district court had properly weighed the five factors necessary to determine whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 1260-61.

Here, the first two factors, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal of the action. This action has been pending eight months, and, to date, plaintiff has not presented her claims to the Court. Likewise, the third factor, risk of prejudice to the defendant, also weighs in favor of dismissal. See Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) (where plaintiff, who was challenging the denial of his social security benefits, failed to timely file a motion for summary judgment, the "public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the possible prejudice to the party suffering delay" supported the district court's dismissal of plaintiff's complaint for failure to prosecute). The fourth factor, the public policy favoring resolution of the merits, weighs against dismissing this action.

1  Finally, with regard to the fifth factor, this Court has attempted to
2  impose less severe alternatives prior to dismissing the case.[1]
3  Specifically, this Court ordered the plaintiff to show cause why this
4  action should not be dismissed for her failure to file a motion for
5  summary judgment; however, the plaintiff did not respond to the Order
6  to Show Cause.  As these less severe alternatives have proven
7  ineffective, dismissal is appropriate.  <u>Ferdik</u>, 963 F.2d at 1262.
8  Thus, this action should be dismissed without prejudice due to
9  plaintiff's failure to diligently prosecute.

**ORDER**

   IT IS ORDERED that Judgment shall be entered dismissing the action without prejudice due to plaintiff's failure to diligently prosecute.

DATE:  August 6, 2010              /S/ ROSALYN M. CHAPMAN
                                   ROSALYN M. CHAPMAN
                                   UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-8440.mdo
7/20/10

---

[1] "Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth . . . factor." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998); <u>see also</u> <u>Oliva</u>, 958 F.2d at 274 (stating "[i]n cases involving sua sponte dismissal of an action, . . . there is a closer focus on [the failure to consider less drastic alternatives and the lack of warning of imminent dismissal of the case").

4